IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MOSES SCHOPPE-RICO, ) | No. C 05-4422 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| vs. ) | |
| PELICAN BAY STATE PRISON, et al, ) | |
| Defendants. ) | (Docket Nos. 2, 4, 5) |

Plaintiff, an inmate incarcerated at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding the destruction of his property by prison staff. Plaintiff has also filed an application to proceed *in forma pauperis* (docket nos. 2, 4) and a motion seeking to proceed *pro hac vice* (docket no. 5). As Plaintiff's complaint is now dismissed, these motions are DENIED as moot (docket nos. 2, 4, 5) and no fee is due in this case.

**DISCUSSION**

Plaintiff complains that staff at the prison wrongly deprived him of his property when he was placed in the SHU. Plaintiff contends that during the procedure in place to remove or dispose of disallowed property, he was not provided with an extension of time to dispose of property that he was not allowed to retain and that staff wrongly charged him for a blanket, resulting in his not having funds available with which to send his property to his family. Plaintiff contends that this property was worth $262.60

and that he also suffered a hardship due to the sentimental value of the lost property. Plaintiff seeks damages for the destruction of his property.

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide

2

meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, where a prison official acts in a random and unauthorized manner to deny an inmate his property (that is, he fails to act in accord with established prison procedures), the claim must be pursued in state, not federal, court. As Plaintiff here alleges that prison officials were not authorized to withdraw money from his account for a blanket, thereby deducting from his account available funds to send his property home, Plaintiff fails to state a due process claim.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: April 27, 2006

JEFFREY S. WHITE
United States District Judge

3